Case 4:15-cv-01448 Document 40 Filed in TXSD on 09/14/16 Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
September 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANIE DEL TORO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1448 |
| | § | |
| FEDERAL EXPRESS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is the defendant's, Federal Express Corporation (the "defendant"), motion for summary judgment and brief in support (Dkt. No. 19). The plaintiff, Janie Del Toro (the "plaintiff"), has filed a response in opposition to the motion (Dkt. No. 35), to which the defendant has filed a reply (Dkt. No. 36). After having carefully considered the motion, response, reply, the record and the applicable law, the Court determines that the defendant's motion for summary judgment should be **GRANTED**.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns the plaintiff's various claims of discrimination and retaliation against her former employer resulting from her termination. The plaintiff, a Hispanic female, began working as a courier for the defendant on June 5, 1989, at its Sam Houston location in Houston, Texas. During the course of her employment, the plaintiff received performance reminders and warning letters in her employee file for various work-related issues.[1]

On September 12, 2012, the plaintiff allegedly injured her back at work. She reported the injury to the defendant in October 2012. As a result of the injury, the plaintiff was treated by a

---

[1] The record shows that the plaintiff was previously terminated in 1997, but later reinstated through the defendant's internal appeals process.

physician and restricted to light duty. The defendant gave her a light duty work accommodation and granted her request for time off to make her doctor appointments.

According to the defendant's performance improvement policy, any employee who receives three disciplinary letters within a 12 month period is subject to termination. The plaintiff received three disciplinary letters in a 12 month period for various work-related issues. First, on May 8, 2012, the plaintiff received a disciplinary letter for her involvement in an automobile accident while operating a company truck. On December 18, 2012, the plaintiff received a disciplinary letter for not achieving her company mandated "stops per hour" goals. Finally, on April 26, 2013, the plaintiff received a disciplinary letter for her involvement in a verbal altercation with an African-American co-worker, Flori Hebert ("Hebert"). As a result of receiving three disciplinary letters, the plaintiff was terminated on April 26, 2013. Hebert was not terminated. Subsequently, the defendant replaced the plaintiff by hiring Hector Garcia ("Garcia"), a Hispanic male.

The plaintiff filed suit on April 23, 2015, in the 55th Judicial District Court of Harris County, Texas alleging discrimination and retaliation in violation of: (1) the Americans with Disabilities Act[2] ("ADA"), (2) Title VII of the Civil Rights Act of 1964[3] based on race and national origin, and (3) the Texas Worker's Compensation Act. The defendant timely removed the state court action to this Court on the basis of federal question jurisdiction.[4] 28 U.S.C. § 1331. The defendant now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

---

[2] 42 U.S.C. § 12102, *et seq.*
[3] 42 U.S.C. § 2000(e), *et seq.*

[4] On July 22, 2015, the Court severed and remanded the plaintiff's workers' compensation retaliation claim back to the state court.

### III. CONTENTIONS OF THE PARTIES

#### A. The Plaintiff's Contentions

The plaintiff claims that the defendant discriminated and retaliated against her in violation of Title VII by terminating her because of her race and national origin. She also claims that the defendant discriminated and retaliated against her in violation of the ADA by terminating her because of her perceived disability. The plaintiff seeks damages and attorney's fees urging the Court to deny the defendant's motion for summary judgment.

#### B. The Defendant's Contentions

The defendant denies discriminating or retaliating against the plaintiff. With respect to the plaintiff's Title VII race and national origin discrimination claims, the defendant avers that, even if the plaintiff can establish a *prima facie* case for discriminatory interference or retaliation, the defendant had legitimate, non-retaliatory reasons for each of its employment actions. Regarding the plaintiff's ADA claim, the defendant maintains that the plaintiff cannot show that she was "disabled" as defined under the statute, or that the defendant failed to reasonably accommodate the plaintiff's alleged back injury. Thus, the defendant urges that summary judgment is appropriate; hence, the remaining claims in this action should be dismissed.

### IV. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a

genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light

most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

V.   **ANALYSIS & DISCUSSION**

   A.   **Title VII Race and National Origin Discrimination**

The Court grants the defendant's motion regarding the plaintiff's race and national origin discrimination claims. Title VII provides, in relevant part:

> It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . [race or] national origin.

42 U.S.C. § 2000e-2(a)(1). In employment discrimination cases such as the one *sub judice*, a plaintiff can prove Title VII discrimination "through direct or circumstantial evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

The plaintiff presents no direct evidence of discriminatory intent[5]. In such cases, the Court must evaluate proof of circumstantial evidence using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001)); *see also Turner*, 476 F.3d at 345 (citing *Rutherford v. Harris County*, 197 F.3d 173, 179-80 (5th Cir. 1999)).

Under the *McDonnell Douglas* burden-shifting framework:

> [A] plaintiff must first create a presumption of intentional discrimination by establishing a *prima facie* case. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. The burden on the employer at this stage is one of production, not persuasion; it can involve no credibility assessment. If the employer sustains its burden . . . the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another motivating factor is the plaintiff's protected characteristic.

*Alvarado*, 492 F.3d at 611 (internal quotations omitted); *see also Turner*, 476 F.3d at 345 (internal citations omitted); *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (internal citations omitted). "Although intermediate evidentiary burdens shift back and forth under [the *McDonnell Douglas*] framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Thus, "a plaintiff can avoid summary judgment if the evidence, taken as a whole: (1) creates a fact issue as to whether each of the employer's stated reasons was not what actually

---

[5] "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995)).

motivated the employer and (2) creates a reasonable inference that race was a determinative factor in the actions of which plaintiff complains." *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 141 (5th Cir. 1996) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 450 (5th Cir. 1996)).

### 1. The Plaintiff's *Prima Facie* Case

Under the *McDonnell Douglas* framework, a plaintiff must first demonstrate a *prima facie* case of discrimination, which, in turn, creates a rebuttable presumption of unlawful discrimination by the employer. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (citing *Burdine*, 450 U.S. at 255). To establish a *prima facie* case of race discrimination under Title VII, a plaintiff must demonstrate that: "(1) she belongs to a protected group; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) . . . in the case of disparate treatment, that similarly situated employees were treated more favorably." *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (5th Cir. 2007) (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001)). The plaintiff's Title VII national origin discrimination claim is subject to the same analysis as the Title VII race discrimination claim.

The first three elements of the plaintiff's *prima facie* case are uncontested. However, whether the plaintiff can meet a *prima facie* case turns on whether the comparator identified by the plaintiff was similarly situated to her. The defendant argues that the plaintiff cannot establish the fourth element because she was replaced by Garcia—a Hispanic employee and that the plaintiff was treated consistent with other employees similarly situated according to its company policies.

The plaintiff identifies one purported similarly situated person whom she alleges was treated more favorably than her: Hebert. The record is clear that Hebert was not part of the plaintiff's protected group because she is African-American. However, that fact is not fatal. The plaintiff has offered insufficient competent evidence demonstrating that Hebert is similarly situated to her. The evidence fails to show that Hebert was given favorable treatment under "nearly identical" circumstances. *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) (quoting *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1980) (*per curiam*)).

The evidence reveals numerous differences between the two that defeats any contention that the plaintiff and Hebert are similarly situated. First, the plaintiff and Hebert reported to different supervisors. "Where different decision makers or supervisors are involved, their decisions are rarely "similarly situated" in relevant ways for establishing a prima facie case." *Ochoa v. BP Am., Inc.*, No. CIV.A. H-09-1226, 2011 WL 1230186, at *6 (S.D. Tex. Mar. 29, 2011). Second, the altercation between the plaintiff and Herbert resulted in the plaintiff receiving her third disciplinary letter within a 12 month period. Herbert had not received three disciplinary letters in a 12 month period. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) ("The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and *have essentially comparable violation histories*.") (emphasis added). Thus, the plaintiff has not established a *prima facie* claim.

### 2. The Defendant's Legitimate, Nondiscriminatory Reasons for Adverse Employment Actions

Even if the plaintiff could establish a *prima facie* claim, the defendant's decision to terminate the plaintiff was based on legitimate, nondiscriminatory reasons -- the plaintiff's

subpar performance and misconduct. The defendant "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Burdine*, 450 U.S. at 257. The plaintiff was terminated after receiving her third disciplinary letter in a 12 month period pursuant to the defendant's company policy. An employer has the right to set performance standards for its employees. *Deines v. Texas Dept. of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999). The plaintiff's policy violations are legitimate and nondiscriminatory reasons for her termination; therefore, the plaintiff must show that there was another motivating factor in her termination. She has failed to provide the Court with any evidence that discrimination was at the heart of the defendant's termination decision, or that the defendant's proffered reasons are unbelievable. *See Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001) (citing *Burdine*, 450 U.S. at 253).

### 3. The Plaintiff's Proffered Evidence of Pretext

Because the defendant has offered an affirmative defense by giving legitimate, nondiscriminatory reasons for their contested actions, the burden shifts back to the plaintiff to show evidence that the defendant's explanation was pretextual. *See Hunt v. Rapides Healthcare Sys.*, LLC, 277 F.3d 757, 768 (5th Cir. 2001) (internal citations omitted); *see also, Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Laxton*, 333 F.3d at 578 (quoting *Wallace*, 271 F.3d at 220). "[T]o rebut a defendant's showing of legitimate, nondiscriminatory reasons for its actions, '[i]t is not enough . . . to *dis* believe the employer.'" *Warren v. City of Tupelo Mississippi*, 332 Fed. Appx. 176, 181 (5th Cir. 2009) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519

(1993)). Rather, "the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Warren*, 332 Fed. Appx. at 181 (quoting *St. Mary's Honor Ctr.*, 509 at 519). "The Supreme Court clarified in *Reeves* that, to meet this burden, 'a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.'" *Levias v. Texas Dep't of Criminal Justice*, 352 F. Supp.2d 751, 769 (S.D. Tex. 2004) (quoting *Reeves*, 530 U.S. at 148).

"This is not to say that such a showing by the plaintiff will *always* be adequate to sustain a jury's finding of liability." *Reeves*, 530 U.S. at 148. "For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory, reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Id.* (internal citation omitted).

The plaintiff has made no such showing. She does not dispute that she received three disciplinary letters in a 12 month period for the automobile accident, performance issues, and the verbal altercation. Nor does she dispute the stated company policy as such. Therefore, the plaintiff's responsive brief fails to articulate a persuasive showing of pretext. Summary judgment is granted for the defendant with respect to the plaintiff's claims of Title VII race and national origin discrimination.

B.  **ADA Discrimination**

The Court also grants the defendant's motion regarding the plaintiff's ADA discrimination claim. To make a *prima facie* case of ADA discrimination, a plaintiff must show

that she: "(1) suffers from a disability; (2) was qualified for the job; (3) was subject to an adverse employment action; and (4) was . . . treated less favorably than non-disabled employees." *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999). The defendant contends that the plaintiff cannot establish that she qualifies as "disabled" as defined by the ADA.[6] The plaintiff argues to the contrary.

The ADA defines an individual's disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Bragdon v. Abbott*, 524 U.S. 624, 630 (1998) (quoting 42 U.S.C. § 12102(2)). Thus, a plaintiff need not have an actual disability to sustain an ADA action if she can establish that she was "regarded as disabled." *Rodriguez v. ConAgra Grocery Products Co.*, 436 F.3d 468, 475 (5th Cir. 2006).

Under the ADA, a plaintiff is "regarded as" disabled if she has "a physical or mental impairment that does not substantially limit major life activities, but [she is] treated as such by an employer." *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 281 (5th Cir. 2000) (internal citations omitted). In that situation, a plaintiff must produce evidence demonstrating that a defendant "entertain[ed] some misperception regarding [the plaintiff] – either that [she] has a substantially limiting impairment that [she] does not have or the impairment is not so limiting as believed." *Aldrup v. Caldera*, 274 F.3d 282, 287 (5th Cir. 2001) (internal citation omitted). The focus here is on the reaction and perception of the employer who allegedly discriminated against the employee based on her perceived disability. *See Deas v. River West, L.P.*, 152 F.3d 471, 476 n.9 (5th Cir. 1998).

---

[6] The Court rejects the defendant's argument that the plaintiff's ADA claim is barred by her pending worker's compensation claim in state court.

However, the mere violation of the ADA alone does not establish injury. Rather, the plaintiff must show that the defendant's ADA violation proximately caused her actual injury before she can recover. *See Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 562 (5th Cir. 1998). So, even if the plaintiff establishes that she was regarded as disabled, that is only the first element in her duty to establish a *prima facie* case of discrimination. *See Seaman*, 179 F.3d at 300 (internal citation omitted). She must still establish the second element: that she "was qualified for the job." *Id.* Stated differently, she must demonstrate that she could perform her essential job duties. *See Chandler v. City of Dallas*, 2 F.3d 1385, 1393-94 (5th Cir. 1993). A "qualified" person must be "able to meet all of a program's requirements in spite of [her] handicap." *Southeastern Cmty. College v. Davis*, 442 U.S. 397, 406 (1979).

The plaintiff also bears the burden of suggesting a reasonable accommodation to her employer. *Taylor v. Principal Financial Group*, 93 F.3d 155, 165-66 (5th Cir. 1996) (internal citation omitted). However, an employer's duty to make reasonable accommodations does not require him to "relieve the employee of any essential functions of the job, modify the actual duties, or reassign existing employees or hire new employees to perform those duties." *Robertson v. Neuromedical Center*, 161 F.3d 292, 295 (5th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999). Nor does the ADA require an employer to provide the "best" accommodation or the employee's preferred accommodation, but rather only an accommodation "sufficient to meet the [employee's] job-related needs." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 471 (5th Cir. 2009) (internal citation omitted).

The Court finds that the plaintiff has not established that she was disabled as defined by the statute. "Where . . . the plaintiff alleges that working is the life activity in which [s]he is limited, [s]he must demonstrate that the perception of disability would limit [her] from a broad

class of jobs, defined as 'jobs utilizing similar training, knowledge, skills or abilities, within that geographical area . . . .'" *Collins v. Saia Motor Freight Lines, Inc.*, 144 F. App'x 368, 371 (5th Cir. 2005). The plaintiff's ADA claim fails because she has, at most, demonstrated that her allegedly perceived disability—an inability to lift over 15 pounds on a regular basis as a result of her back injury—affects only a "narrow range of jobs." The plaintiff has not identified any positions that she would be limited to by the restriction; thus, the evidence is insufficient to establish a broad range of employment. In addition, the plaintiff acknowledges that the defendant granted her accommodations for her alleged back injury. She was also allowed time off to attend physical therapy treatments. Moreover, the Court notes that the plaintiff's termination occurred six months after she reported her alleged injury and was based on "bad" conduct, not performance. The heart of the plaintiff's complaint with regard to this claim is that the defendant allegedly delayed in reporting the injury. The Court is not persuaded. Therefore, the Court grants the defendant's motion for summary judgment on the plaintiff's ADA claim.

      **C.**    **ADA Retaliation**

The Court grants the defendant's motion regarding the plaintiff's retaliation claim. To establish a *prima facie* case of Title VII retaliation, "a plaintiff must show that: (1) he engaged in activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.* 320 F.3d 570, 575 (5th Cir. 2003)). Without direct evidence of discriminatory intent, courts again turn to the *McDonnell Douglas* burden shifting framework. *See McDonnell Douglas Corp.*, 411 U.S. at 802-04.

Again, the Court again finds that the plaintiff has not met her burden under this framework. As noted, an employer has the right to set performance standards for its employees. *Deines*, 164 F.3d at 281. The plaintiff was terminated more than six months after she requested an accommodation for her reported injury. The record is clear that the plaintiff reported her injury in October 2012 and was terminated on April 26, 2013. Thus, there is no causal link. The plaintiff is unable to establish a *prima facie* case. Moreover, it remains that the defendant's proffered legitimate reason for the termination was due to the plaintiff receiving three disciplinary letters in a 12 month period in violation of company policy. This reason alone is sufficient to warrant termination. Thus, the Court grants the defendants' motion on this issue.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, defendant's motion for summary judgment is **GRANTED** in its entirety.

It is so **ORDERED**.

SIGNED on this 14th day of September, 2016.

                Kenneth M. Hoyt
                United States District Judge